## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **JEFFREY T. SHELTON, D.D.S., USAR** | § | **CIVIL ACTION NO. 6:12-cv-86** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **Jury Demanded** |
| | § | |
| **GS PHYSICIAN SERVICES, INC., d/b/a GOOD SHEPHERD HEALTH SYSTEM** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jeffrey T. Shelton, D.D.S., USAR brings this suit against GS Physician Services, Inc., d/b/a Good Shepherd Health System ("Defendant"), and would show the Court as follows:

### PARTIES AND SERVICE

1.      Plaintiff is a citizen of the United States and the State of Texas, and resides in Gregg County, Texas.

2.      Defendant is a Texas corporation with its principal office in Longview, Gregg County, Texas and may be served via its registered agent, Mr. Edward D. Banos, at 700 East Marshall Ave., Longview, Texas 75601.  Defendant is private company operating the Good Shepherd Medical Center, a community hospital located at 700 East Marshall Avenue, Longview, Texas 75601, and other healthcare facilities collectively known as the Good Shepherd Health System.

**JURISDICTION AND VENUE**

3.      This action arises under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§4301-4333.  The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3).

4.      This Court has supplemental jurisdiction over the state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

5.      Venue is proper because the Defendant maintains a place of business in this district, as provided in 38 U.S.C. §4323(c)(2).

**COUNT 1**
**(USERRA Violation – Discrimination under 38 U.S.C. §4301 et seq.)**

6.      The prima facie elements of a USERRA discrimination claim are: (a) the plaintiff was a member of, or had an obligation to perform service in, the uniformed services of the United States, (b) the defendant denied the plaintiff employment, continuation of employment, any benefit of employment, or took other adverse employment action against the plaintiff, and (c) the plaintiff's membership, or obligation of service, in the uniformed services of the United States was a "motivating factor" in the defendant's action.  *See* 38 U.S.C. §4311 et seq**.**

7.      In January 2007 Dr. Shelton accepted Defendant's employment offer to work as an in-house dentist, and subsequently left his private practice to work for Defendant.

8.      Dr. Shelton was commissioned as a Major in the US Army on or about January 27, 2010, and has been a member of the U.S. Army Reserves since that time.

9.      Since January 27, 2010, Defendant was aware that Major Shelton was a member of the Army Reserves, and prior to this date Defendant was aware of Major Shelton's intention to join the Army Reserves.

10.     In late 2010 / early 2011, Major Shelton was advised by the Company Commander of his Army Reserve unit that he would be deployed for 90 days.

11.     After receiving his deployment orders, Major Shelton notified his work superiors, with Defendant, of his pending deployment.

12.     Approximately three weeks after notifying his superiors, Major Shelton was instructed to meet with Defendant's president and CEO, Mr. Edward D. Banos.

13.     On or about January 19, 2011, Mr. Banos, acting for Defendant, advised Major Shelton that he was being terminated.  Defendant scheduled Major Shelton's termination to coincide with his deployment.

14.     Plaintiff's last day of work with Defendant was on or about April 28, 2011.  Major Shelton reported for his deployment on or about May 2, 2011, and returned after completing the deployment with numerous distinguished service awards, but no job.

15.     The Uniformed Services Employment and Reemployment Rights Act ("USERRA") (38 U.S.C. §§4301-4333) prohibits discrimination in employment against individuals who have been called to duty in the uninformed services.

16.     Plaintiff's participation in US Army Reserve duty was a motivating factor in Defendant's termination of Major Shelton's employment, which constitutes a violation of USERRA.

17.     As a direct and proximate result of Defendant's conduct as set forth herein, Major

Shelton suffered injuries and damages, including but not limited to: loss of past and future earnings,

loss of past and future benefits, and the incurring one or more large loans in order to open a new

private dental practice, all to his damage in an amount in excess of $650,100.32.

18.     Plaintiff alleges Defendant's violations of USERRA were willful and requests

liquidated damages pursuant to 38 U.S.C. §4323(d)(1)(C).

19.     Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable

attorney's fees, expert witness fees, and other litigation expenses.

## COUNT 2
## (BREACH OF CONTRACT – EMPLOYMENT AGREEMENT)

20.     Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 19 of this

complaint, as though fully set forth herein.

21.     The elements of a breach of contract claim are: (a) There was a valid, enforceable

contract between the parties; (b) the plaintiff performed, tendered performance of, or was excused

from performing its obligations; (c) the defendant breached the contract; and (d) the plaintiff

sustained damages as a proximate result of Defendant's breach.  *See Hackberry Creek Country Club,*

*Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 55 (Tex. App. – Dallas 2006, pet.

denied); *Zuniga v. Wooster Ladder Co.*, 119 S.W.3d 856, 862 (Tex. App. – San Antonio, 2003, no

pet.); *Snyder v. Eanes ISD*, 860 S.W.2d 692, 695 (Tex. App. – Austin 1993, writ denied).

22.     Here, there was a valid, enforceable contract between Plaintiff and Defendant;

namely, the Dentist Employment Agreement, attached as Exhibit A.

23.     Plaintiff performed, tendered performance of, or was excused from performing his contractual obligations; namely, Plaintiff provided the contracted for dental services up until his last day of work.

24.     Defendant breached the contract in question.   An employer breaches an employment agreement when it: (a) discharges an employee without giving the required notice, or (b) discharges an employee without paying all amounts due the employee.   *See Cushman & Wakefield, Inc. v. Fletcher*, 915 S.W.2d 538, 544-45 (Tex.App. – Dallas 1995, writ denied); *Cannon v. ICO Tubular Servs.*, 905 S.W.2d 380, 392 (Tex.App. – Houston [1st Dist.] 1995, no writ).

25.     Pursuant to Section 13(a) of the Dentist Employment Agreement, attached as Exhibit A, either party could terminate the agreement, after the initial term, upon 120 days written notice. Major Shelton's employment was terminated on or about May 1, 2011.   Thus, pursuant to the contract, Defendant was required to give Plaintiff written notice by December 30, 2010.   Defendant did not give written notice to Plaintiff, however, on December 30, 2010, or at any time prior to this date.   Instead, the earliest date that Major Shelton *arguably* received written notice that his employment would be terminated is March 3, 2011.   Therefore, Defendant breached the employment agreement by discharging Major Shelton without the required notice.

26.     Because Major Shelton was terminated without the required notice, he is entitled to at least 63 days of additional pay that he never received (the number of days from December 30, 2010 to March 3, 2011).   Therefore, Defendant discharged Major Shelton without paying him all amounts he was due.

27.   Plaintiff sustained damages as a proximate result of Defendant's breach, including but not limited to: the present cash value of the employment contract if it had not been breached by Defendant, and the 63 days of pay that he never received as required by the contract's notice provision, all to his damage in an amount in excess of $650,100.32.

28.   Plaintiff also requests his pre-judgment and post-judgment interest, court costs, and attorney fees.

## COUNT 3
## (TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS)

29.   Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 28 of this complaint, as though fully set forth herein.

30.   The elements of a claim for tortious interference with prospective relations are: (a) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third person, (b) the defendant intentionally interfered with that relationship, (c) the defendant's conduct was independently tortious or unlawful, (d) the interference proximately caused plaintiff's injury, and (e) the plaintiff suffered damages or loss.  *Astoria Indus. v. SNF, Inc.*, 223 S.W.3d 616, 623-33 (Tex.App. – Fort Worth 2007, pet. denied); *COC Servs. v. CompUSA, Inc.*, 150 S.W.3d 654, 679 (Tex.App. – Dallas 2004, pet. denied); *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 859-60 (Tex.App. – Houston [14th Dist.] 2001, pet. denied).

31.   Here, there was a reasonable probability that Plaintiff would continue a patient-dentist relationship with patients (continue to treat patients) whom Major Shelton saw while employed by Defendant.

32.     Defendant, however, tortiously interfered with these prospective relationships by (a) refusing to cash checks received from Plaintiff's patients for services Major Shelton rendered during his time with Defendant, and (b) sending collection notices to these patients that reference Major Shelton.  Several of these patients have personally called Major Shelton to complain.

33.     Defendant's communications to third persons, the patients in question, make false statements of fact, false statements of opinion, and/or amount to false representations by conduct, which were made knowingly and/or recklessly.  In the alternative, Defendant's communications made misstatements of fact, and Defendant did not exercise reasonable care in obtaining or communicating the information in question.  Therefore, Defendant's underlying conduct amounts to fraud or, at a minimum, negligent misrepresentations, which are independently tortious and/or unlawful.

34.     Plaintiff further alleges that Defendant willfully and intentionally interfered with said prospective relationships.

35.     Defendant's interference with the described relationship proximately caused Plaintiff's damages;  including  without  limitation  Plaintiff's  economic  losses  in  the  form  of   lost patients/business, all to his damage in an amount in excess of $50,000.

36.     In addition to his economic losses, Major Shelton requests exemplary/punitive damages, pre-judgment interest, post-judgment interest, and court costs

**JURY TRIAL**

37.     Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff, Jeffrey T. Shelton, D.D.S., USAR, respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages as plead herein in an amount within the jurisdictional limits of the Court; including liquidated damages, exemplary damages, attorney fees, expert witness fees, court costs, other litigation expenses, and prejudgment and postjudgment interest at the maximum rates allowed by law; and that the Court grant Plaintiff such other and further relief, at law or in equity, to which the Plaintiff may be entitled.

Respectfully submitted,

By: /s/ Christopher L. Ash
Christopher L. Ash
Attorney-in-Charge
Texas Bar No. 24031827
Steven R. Shaver
Texas Bar No. 18136550
SHAVER & ASH, PLLC
Town East Tower
18601 LBJ Freeway, Suite 520
Mesquite, Texas  75150
Tel. (214)295-2901
Fax. (214)432-6688

ATTORNEYS FOR PLAINTIFF
JEFFREY T. SHELTON, D.D.S., USAR